**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASSANDRA DORSEY and**
**MARZUQ AL-HAKIM,**

    **Plaintiffs,**

v.                                          **Case No: 8:10-CV-1895-T-30AEP**

**JAMES FROONJIAN, MOHAMMED ITANI,**
**and ALLSTATE INSURANCE COMPANY,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiffs' Complaint (Dkt. No. 1), Affidavits of Indigency (Dkt. Nos. 2, 3), which the Court construes as Motions for Leave to Proceed *in forma pauperis*, and Motion to Order U.S. Clerk Office to Prepare Summon and U.S. Marshal's Office Service of Complaint on the Defendants (Dkt. No. 4).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal

construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiffs' Complaint is based upon an automobile accident which occurred on April 7, 2010, allegedly causing injury to Plaintiff Cassandra Dorsey, the wife of Plaintiff Marzuq Al-Hakim. Plaintiffs allege that Plaintiff Cassandra Dorsey was struck by an incoming car while she was crossing the street. Plaintiffs have sued James Froonjian ("Froonjian"), the driver of the vehicle, Allstate Insurance Company ("Allstate"), the insurer, and Mohammed Itani ("Itani"), the claims adjuster. Plaintiffs bring their claims under 42 U.S.C. § 1981, "for breach of contract, discrimination in enforcement, lack of enjoyment of contractual provisions, third party beneficiary [a]ffected under color of state law negligence and bad faith negotiation in administrative enforcement of insurance policy." (Dkt. No. 1 at 1.)

To state a claim under 42 U.S.C. § 1981,[1] a plaintiff must plead facts demonstrating: (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996). To establish the third

---

[1] Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Under the statute, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

element of a § 1981 claim, "a plaintiff must prove that the defendant failed to perform a contractual obligation." *Munnings v. FedEx Ground Package Sys., Inc.*, No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *11 (M.D. Fla. Apr. 22, 2008) (citations omitted). "In other words, the plaintiff must produce evidence demonstrating that the defendant acted to deprive him of benefits to which he was entitled under the contract." *Id*.

Additionally, "courts have held that under the civil rights statutes a complaint will be held to a greater degree of specificity then one which falls solely under Fed.R.Civ.P. 8(b), requiring simply a plain short statement of the facts." *White*, 928 F. Supp. at 1159. Thus, "[i]n a civil rights action, more than mere conclusory allegations are required." *Id*. (*citing Carter v. Thompson*, 808 F.Supp. 1548, 1553 (M.D. Fla. 1992)).

Plaintiffs' claims against Allstate are based upon Allstate's alleged "unconstitutional custom and usage defacto policy of treating [b]lack [c]itizens differently than [w]hite [c]itizens concerning adjusting their claims in good faith for amicable [r]esolve." (Dkt. No. 1 ¶ 18.) Plaintiffs further allege that "[w]hite [c]itizens are not denied settlement of their claims administratively on the basis of [b]ad faith negotiations as used to deny plaintiffs herein alleged." (*Id*.) These conclusory allegations, however, are insufficient to state a claim under § 1981. Plaintiffs have offered no facts demonstrating that Allstate's actions were motivated by Plaintiffs' race. Instead, Plaintiffs are asking this Court to assume that Allstate took actions adverse to Plaintiffs on the basis of race. That is insufficient to maintain a claim for discrimination under § 1981. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (stating that conclusory allegations are "not entitled to be assumed true."); *see also White*, 928 F. Supp. at 1157-58 (dismissing the

plaintiff's § 1981 on the basis that "[u]nder § 1981 Plaintiff is required to plead facts that demonstrate intentional discrimination against the Plaintiff due to his race. Plaintiff does not plead any facts demonstrating such an intent. Plaintiff merely draws conclusions as to why his superiors acted in a way that would bring about Plaintiff's termination."). Accordingly, the Court recommends that Plaintiffs' claims against Allstate be dismissed.

Similarly, Plaintiffs have failed to properly allege sufficient facts to establish a § 1981 cause of action against Itani. Plaintiffs allege that Itani "had a professional duty owed to plaintiffs to adjust insured, James Froonijan claims in [g]ood faith it was because Mohammed Itani misconstrued plaintiff Marzuq Al-Hakim, loss [c]onsortium as his wife injury when they were separate claims." (Dkt. No. 1 ¶ 14.) According to Plaintiffs, "[a]s a direct and proximate cause of Mohammed Itani intentional discrimination in enforcement [o]f provision of the insurance contract as plaintiffs is third party beneficiary in privet with the insured James Froonjian, this was because they are [b]lack [c]itizens treated differently as second class other [t]han [w]hite [c]itizens who are treated as first class citizens." (*Id*. ¶ 16.) As with Plaintiffs' claims against Allstate, these allegations are simply insufficient to establish purposeful racial discrimination on the part of Itani. They state in very general terms that Itani's conduct constitutes intentional discrimination, but they are not supported by any facts. As such, Plaintiffs have failed to state a claim under § 1981, especially in light of the greater degree of specificity required in pleading a § 1981 cause of action. Accordingly, the Court recommends dismissal of Plaintiffs' § 1981 claim against Itani.

Plaintiffs' remaining claims arise under state law. For example, Plaintiffs allege that Froonjian "negligently operated his vehicle" and "failed to negotiate in good faith and denied reasonable settlement." (Dkt. No. 1 ¶¶ 7, 9.) Because Plaintiffs' § 1981 claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over the remaining state claims. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). ("with the dismissal of Plaintiffs' federal claim, there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant").

Accordingly, the Court recommends that Plaintiffs' Complaint (Dkt. No. 1) be **DISMISSED** and that Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Dkt. Nos. 2, 3) and Motion to Order U.S. Clerk Office to Prepare Summon and U.S. Marshal's Office Service of Complaint on the Defendants (Dkt. No. 4) be **DENIED**.

**IT IS SO REPORTED** at Tampa, Florida on this 8th day of October, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr
Plaintiff, *pro se*