UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSANDRA DORSEY and
MARZUQ AL-HAKIM,

      Plaintiffs,

v.                               Case No: 8:10-CV-1895-T-30AEP

JAMES FROONJIAN, MOHAMMED ITANI,
and ALLSTATE INSURANCE COMPANY,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on *pro se* Plaintiffs' **Amended Verified Complaint for Damages and Demand for Declaratory Relief** (Dkt. No. 14), **Affidavits of Indigency** (Dkt. Nos. 2,3)**,** which the Court has construed as **Motions for Leave to Proceed *In Forma Pauperis*,**[1] **Renewed Motion to Order U.S. Clerk's Office to Prepare Summons and Service on U.S. Marshal Office** (Dkt. No. 15), and **Motion to Bifurcate Amended Complaint Pending Enjoyment of Discovery Period** (Dkt. No. 16).

In an Order dated November 1, 2010, the Court adopted, confirmed, and approved in all respects Magistrate Judge Porcelli's Report and Recommendation, which recommended that Plaintiffs' Complaint be dismissed and that Plaintiffs' Motion for Leave to Proceed *in forma pauperis* and Motion to Order U.S. Clerk Office to Prepare Summon and U.S. Marshal's Office Service of Complaint on the Defendants be denied. (Dkt. Nos. 6, 8.) In its

---

[1] In its Order dated November 1, 2010, the Court denied without prejudice Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* (Dkt. Nos. 2,3). In light of the Amended Complaint, the Court will now reconsider these Motions.

Order, the Court granted Plaintiffs leave to file an Amended Complaint, which they filed on February 23, 2011.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. §1915(a)(1).  However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled."  *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute to establishing a cause of action.  *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiffs' Complaint is based upon an automobile accident which occurred on April 7, 2010, allegedly causing injury to Plaintiff Cassandra Dorsey, the wife of Plaintiff Marzuq Al-Hakim.  Plaintiffs allege that Plaintiff Cassandra Dorsey was struck by an incoming car while she was crossing the street.  Plaintiffs have sued James Froonjian ("Froonjian"), the driver of the vehicle, Allstate Insurance Company ("Allstate"), the insurer, and Mohammed Itani ("Itani"), the claims adjuster.  Plaintiffs bring their claims under 42 U.S.C. § 1981, for breach of contract, discrimination in enforcement, lack of enjoyment of provisions in contractual relations, third party beneficiary affected under color of state law negligence and bad faith negotiation in administrative enforcement of insurance policy. (Dkt. No. 14 at 1.)

To state a claim under 42 U.S.C. § 1981,[2] a plaintiff must plead facts demonstrating: (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996). To establish the third element of a § 1981 claim, "a plaintiff must prove that the defendant failed to perform a contractual obligation." *Munnings v. FedEx Ground Package Sys., Inc.*, No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *11 (M.D. Fla. Apr. 22, 2008) (citations omitted). "In other words, the plaintiff must produce evidence demonstrating that the defendant acted to deprive him of benefits to which he was entitled under the contract." *Id*.

Additionally, "courts have held that under the civil rights statutes a complaint will be held to a greater degree of specificity then one which falls solely under Fed.R.Civ.P. 8(b), requiring simply a plain short statement of the facts." *White*, 928 F. Supp. at 1159. Thus, "[i]n a civil rights action, more than mere conclusory allegations are required." *Id*. (*citing Carter v. Thompson*, 808 F.Supp. 1548, 1553 (M.D. Fla. 1992)).

---

[2] Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Under the statute, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

In their Amended Complaint (Dkt. No. 14), Plaintiffs allege that data from Allstate "shows White Citizens enjoy a greater percentage of the cap or have sum of cap, than Black Citizens, disparate treatment as defacto policy . . . There is no uniform set policy of equal treatment of claims of a similar situated." (Dkt. No. 14 at 3.)  Rather, Plaintiffs allege that white citizens "were not subject to discriminatory defacto policy of disparate treatment as more fully appears." (Dkt. No. 14 at 4.) They further alleged that Mohammed Itani "intentionally embarked upon discriminated in enforcement of provision of the insurance contract as plaintiffs are third party beneficiary in privet with the insured JAMES FROONJIAN, this was because they were Black Citizens treated differently because ALLSTATE INS. CO. defacto policy of holding White Citizens with same type of injury to higher standards when settlement of their claims is far greater than $5,100.00 dollars as offered to plaintitffs." (Dkt. No. 14 at 7.)

These conclusory allegations, however, are insufficient to state a claim under § 1981. Plaintiffs have offered no facts demonstrating that Allstate's or Itani's actions were motivated by Plaintiffs' race.  Instead, Plaintiffs are asking this Court to assume that Allstate and Itani took actions adverse to Plaintiffs on the basis of race.  That is insufficient to maintain a claim for discrimination under § 1981.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (stating that conclusory allegations are "not entitled to be assumed true."); *see also White*, 928 F. Supp. at 1157-58 (dismissing the plaintiff's § 1981 on the basis that "[u]nder § 1981 Plaintiff is required to plead facts that demonstrate intentional discrimination against the Plaintiff due to his race.  Plaintiff does not plead any facts demonstrating such an intent. Plaintiff merely

4

draws conclusions as to why his superiors acted in a way that would bring about Plaintiff's termination.").

Although Plaintiffs did amend their allegations to include the claim that Allstate's data reflects disparate treatment of insurance claims based on race, this allegation, standing alone, is not sufficient to state a claim under § 1981, as it still fails to show an intent to discriminate on the basis of race.  The Court would also like to note that disparate treatment claims are generally reserved for employment actions.  In order to establish a prima facie case of disparate treatment, "the plaintiff must show (1) membership in a protected group, (2) subjection to an adverse employment action, (3) qualification for a position, and (4) placement in a position of an individual outside of a protected group." *Daris v. Valley Hospitality Services, LLC*, 214 Fed. Appx. 877, 879 (11th Cir. 2006).  In an action alleging class-wide disparate treatment, a plaintiff must "establish by a preponderance of the evidence that racial discrimination was the company's standard operating procedure – the regular rather than the unusual practice." *Kilgo v. Bowman Transp., Inc.* 789 F.2d 859, 874 (11th Cir. 1986) (*quoting International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 1855, 52 L.Ed.2d 396 (1977)).  Plaintiffs have failed to meet this burden in the underlying case.  Furthermore, a prima facie case of class-wide disparate treatment may be established by statistics alone only if they are *sufficiently compelling*. *Id. (emphasis added); see Teamsters*, 431 U.S. at 339, 97 S.Ct. At 1856 (finding that proof of discriminatory practices is enhanced if plaintiffs offer anecdotal evidence to bring "the cold numbers convincingly to life").  Here, the conclusory allegation that Allstate's data reflects disparate treatment certainly does not

meet this standard, as it fails to even present the Court with any actual statistics. In addition, to the extent that Plaintiffs have provided the Court with data representing disparate treatment, such "data" does not focus on individuals similarly situated to Plaintiffs. *See Minton v. American Bankers Ins. Group, Inc.*, 2003 WL 21303330, at *2 (11th Cir. 2003) (finding that where plaintiff has provided data representing a cross-section of the entire company, rather than focusing on employees who are similarly situated to himself, he has not provided relevant statistical evidence to establish a discriminatory pattern). Statistics must be used with precision to show what is sought to be proved. *Colston v. Pingree*, 498 F. Supp. 327, 334 (N.D. Fla. 1980). One of the missing elements here, for example, is specific data representing the number of black individuals and white individuals who were in similar accidents, had similar claims, and had similar degrees of fault and, subsequently, the amount of insurance proceeds they received. To the extent that the Court is willing to accept Plaintiffs' disparate treatment argument outside of the employment context, it would like to note that the "instances in which the [Supreme] Court has recognized constitutionally impermissible discrimination evidenced by statistical data showing discriminatory impact are rare and blatant." *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993).

Plaintiffs' remaining claims arise under state law. For example, Plaintiffs allege that Froonjian was "negligently operating his vehicle" when he caused a collision with Plaintiff Cassandra Dorsey's vehicle. (Dkt. No. 14 at 5.) As a result of the accident, Plaintiffs allege that Plaintiff Dorsey's "[h]usband was inflicted and suffered mental anguish." (Dkt. No. 14 at 5.) Because Plaintiffs' § 1981 claim is subject to dismissal, the Court declines to exercise

supplemental jurisdiction over the remaining state claims. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("with the dismissal of Plaintiffs' federal claim, there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant").

For the foregoing reasons, the Court recommends that *pro se* Plaintiffs' Amended Verified Complaint for Damages and Demand for Declaratory Relief (Dkt. No. 14) be **DISMISSED** and that Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* (Dkt. Nos. 2,3), Renewed Motion to Order U.S. Clerk's Office to Prepare Summons and Service on U.S. Marshal Office (Dkt. No. 15), and Motion to Bifurcate Amended Complaint Pending Enjoyment of Discovery Period (Dkt. No. 16) be **DENIED**.[3]

**IT IS SO REPORTED** at Tampa, Florida, this 25th day of March, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

*Pro se* Plaintiffs

---

[3] Plaintiffs' Motion to Bifurcate Amended Complaint Pending Enjoyment of Discovery Period (Dkt. No. 16) is premature at this time, as Plaintiffs have yet to establish a viable cause of action in this case.

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr
*Pro se* Plaintiffs